UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JULIO CANO,                                  :
            Petitioner,              :
                             :
       v.                                   :          C.A. No. 24-147WES
                             :
WAYNE SALISBURY,                  :
            Respondent.              :

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is Petitioner Julio Cano's motion requesting the appointment of counsel to represent him in connection with his Petition for issuance of the writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 6. The motion arises pursuant to 18 U.S.C. § 3006A(a)(2)(B), which provides that "representation may be provided for any financially eligible person who . . . is seeking relief under" 28 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). The motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A).

There is no constitutional right to counsel in a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002). Rather, counsel <u>may</u> be appointed in a § 2254 action for a petitioner who has been found to be "financially unable to obtain adequate representation . . . [w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). To make the latter determination, the "'court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.'" Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)

(quoting <u>DesRosiers v. Moran</u>, 949 F.2d 15, 24 (1st Cir. 1991)).  Counsel should not be

appointed unless the petitioner can shoulder the burden of demonstrating that the denial of

counsel would result in "fundamental unfairness impinging on the party's due process rights."

<u>Forte v. Comm'r of Corr.</u>, 134 F. Supp. 3d 654, 655 (D. Mass. 2015) (internal quotation marks

omitted).  Only if it becomes clear that the issues raised by the petition will require an

evidentiary hearing do the rules governing federal habeas proceedings require the appointment of

counsel.  <u>See</u> Rule 8(c), Rules Governing Section 2254 Cases.  Otherwise, the habeas rules do

not require the appointment of counsel in § 2254 cases.  <u>Ali v. Gerry</u>, No. 12-cv-185-JL, 2012

WL 4848889, at *1 (D.N.H. Oct. 10, 2012).

Petitioner accompanied his Petition with a motion for *in forma pauperis* ("IFP") status.

ECF No. 2.  While the Court has found that Plaintiff is not eligible to proceed IFP with respect to

the modest filing fee required for a habeas petition, it does find the IFP motion adequate to

establish that Petitioner is financially unable to obtain adequate representation.  Therefore, the

indigency prong of 18 U.S.C. § 3006A(a)(2) is satisfied.  As to the "interests of justice" prong,

Petitioner simply asks the Court to appoint counsel because he is unable to represent himself and

the ends of Justice would be best served by appointment of counsel.  ECF No. 6 at 1.

The Court finds that Petitioner's motion for counsel is premature because, with no

response yet to the Petition from the State, it is impossible for the Court to assess the merits of

the claims and the complexity of the legal issues presented; further, the Court cannot determine

whether each of the issues Petitioner seeks to raise is appropriately exhausted and ripe for § 2254

consideration.  Nor at this early stage is the Court able to assess Petitioner's capacity for self-

representation.  Finally, at this early stage, it is impossible to find that an evidentiary hearing will

be necessary.

After the State has responded to the Petition, Petitioner may renew his motion for

counsel.  For now, however, based on the foregoing analysis, Petitioner's motion for

appointment of counsel (ECF No. 6) is denied without prejudice as premature.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 11, 2024