```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
JULIO CANO,                        )
                                   )
         Petitioner,               )
                                   )
    v.                             )    C.A. No. 24-147 WES
                                   )
WAYNE SALISBURY,                   )
                                   )
         Respondent.               )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Petitioner Julio Cano has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF No. 1. The State of Rhode Island has moved to dismiss the Petition as time barred and because Cano has not exhausted his state-court remedies with respect to one of his claims. Mot. Dismiss, ECF No. 11. The Court has determined that no hearing is necessary. For the following reasons, the Motion to Dismiss is GRANTED and the Petition is DENIED.

## I. BACKGROUND

On June 13, 2018, Cano pled guilty in state superior court to the charged offenses of first-degree murder, conspiracy to commit murder, and possessing a firearm without a license. Pet. 1; Mem. L. Supp. Mot. Dismiss 1 ("Resp't's Mem."), ECF No. 11. Cano was sentenced on February 12, 2019, and a judgment of conviction was

entered as to each charged offense that same day.  Resp't's Mem. 1; Mot. Dismiss Ex. 1, at 2, ECF No. 11-1.  Cano did not file a direct appeal.  Mot. Dismiss Ex. 1, at 5.

About three years later, on February 18, 2022, Cano filed in state superior court a petition for post-conviction relief, which the court denied on February 27, 2023.  Mot. Dismiss Ex. 3, ECF No. 11-3.  The next month, on March 27, 2023, Cano filed a petition for writ of certiorari to the Rhode Island Supreme Court, which denied the petition on February 23, 2024.  Mot. Dismiss Ex. 4, at 1-2, ECF No. 11-4.  Cano filed the instant Petition on April 12, 2024, the State filed its Motion to Dismiss on June 24, 2024, and Cano filed a Response to the State's Motion on July 26, 2024.  Pet.; Mot. Dismiss; Pet'r's Resp. Mot. Dismiss ("Resp."), ECF No. 14.

**II. DISCUSSION**

The Court need only address the State's first argument in its Motion to Dismiss.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") places a one-year limitations period on the filing of § 2254 petitions for habeas corpus.  28 U.S.C. § 2244(d)(1).  Absent three circumstances not at issue in this case,[1] that period runs from "the date on which the judgment became final by

---

[1] Those circumstances are delineated at subparagraphs (B) through (D) of 28 U.S.C. § 2244(d)(1).

2

conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Under the Rhode Island Supreme Court Rules of Appellate Procedure, "[i]n a criminal case the notice of appeal by a defendant shall be filed with the clerk of the Superior Court within twenty (20) days after the entry of the judgment or order appealed from." R.I. R. App. P. 4(b). AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the applicable limitations period. 28 U.S.C. § 2244(d)(2).

As mentioned, Cano did not appeal from his judgments of conviction, which the superior court entered on February 12, 2019. Mot. Dismiss Ex. 1, at 2. Applying Rule 4(b) of the Rhode Island Supreme Court Rules of Appellate Procedure, Cano's time for seeking direct review of those judgments expired twenty days after that, on March 4, 2019. The limitations period under 28 U.S.C. § 2244(d)(1)(A) therefore began to run on that date and expired one year later, on March 4, 2020, which is nearly two years before Cano filed his initial petition for post-conviction relief in state superior court. See Mot. Dismiss Ex. 2, at 1, ECF No. 11-2.

In his Response, Cano states that "Rhode Island does not impose a time limit for post-conviction relief application[s]."

3

Resp. 2. That may be true. <u>See</u> R.I. Gen. Laws Ann. § 10-9.1-3 (West 2024); <u>Voravongsa v. Wall</u>, 349 F.3d 1, 5 (1st Cir. 2003) ("Unlike federal habeas petitions, Rhode Island does not impose time limits on the filing of applications for post-conviction relief."). But the instant Petition seeks federal habeas relief — not post-conviction relief in state court — and is thus subject to the requirements of AEDPA, including the one-year limitations period set forth in § 2244(d). Although filing a petition for state post-conviction relief would have tolled the limitations period in accordance with § 2244(d)(2), Cano did not file such a petition until nearly three years after the period began to run, at which point the period had already ended. Accordingly, the Court finds that AEDPA's one-year limitations period has expired and Cano's petition for federal habeas relief is therefore untimely.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS the Respondent State of Rhode Island's Motion to Dismiss, ECF No. 11, and DENIES Petitioner Julio Cano's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date: October 29, 2024